UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYWUAN JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-00562-SEB-CSW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Order, the motion of Tywuan Jones for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

On August 7, 2019, Mr. Jones was charged with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1). *United States v. Jones*, 1:19-cr-185-SEB-MG-1 (Cr. Dkt.) dkt. 24. The superseding indictment further alleged that Mr. Jones had committed the offense after a conviction for a serious drug felony, for which he served more than 12 months of imprisonment and for which he was released from custody within 15 years of the commencement of the instant offense. *Id*. The United States later filed an information under 21 U.S.C. § 851(a)(1) stating that Mr. Jones had a prior conviction for a serious drug felony, namely, a conviction for unlawful possession of controlled substance with intent to deliver (heroin), which meant that Mr. Jones faced a statutory mandatory sentence of 15 years to life. Cr. Dkt. 40.

Mr. Jones pleaded guilty and was sentenced to 200 months' imprisonment. Cite. The Court entered final judgment on July 16, 2020, and an amended judgment on July 24, 2020. Cr. Dkt. 71, 73. Mr. Jones did not appeal. He then filed this § 2255 motion on March 21, 2022. Cr. Dkt. 83.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The one-year limitation period begins to run upon the latest of four triggering events:

> 1.  the date on which the judgment of conviction becomes final;
>
> 2.  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> 3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Mr. Jones did not appeal, his conviction became final on the last day he could have filed a notice of appeal, August 7, 2020, fourteen days after entry of the amended judgment. Fed. R. App. P. 4(b)(1)(A). He therefore had through August 7, 2021, to file a timely § 2255 motion under § 2255(f)(1). His motion, filed on March 21, 2022, is seventh months late. Mr. Jones does not argue that his motion is timely under the above statutory alternatives for filing a § 2255 motion more than one year after his conviction became final.[1] Rather, in his reply in support of his motion, he asserts that COVID-19 issues prevented the timely filing of his motion. He states that prisoners like him were locked in their cells for months and, after that, were confined to their housing units. Dkt. 15 at 2. He also explains that he did not have access to legal research or time to prepare his filing in the prison library. *Id.* He also contends generally in his motion for equitable tolling that the basis for his motion "was not discoverable through conventional means." Dkt. 28 at 2.

The AEDPA statute of limitations "is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that the statute of limitations for § 2254 motions are subject to equitable tolling); *Lombardo v. United States*, 860 F.3d 547, 551–52 (7th Cir. 2017) (applying the

---

[1] In his motion for equitable tolling, he argues that "the basis of his claim was not discoverable through conventional means." Dkt. 28 at 2. But this argument does not satisfy 28 U.S.C. § 2255(f)(2), (3), or (4). He identifies no illegal impediment by the government as described in subsection (f)(2), new rule of law under subsection (f)(3), or a discovery of facts supporting his claims that could not have previously been discovered through reasonable diligence under subsection (f)(4).

equitable tolling doctrine to a motion under § 2255). "To qualify for equitable tolling then, a petitioner must show: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Boulb v. United States*, 818 F.3d 334, 339-40 (7th Cir. 2016) (quoting *Holland*, 560 U.S. at 649). "The extraordinary-circumstance prong is met 'only where the circumstances that caused a litigant's delay are both extraordinary and beyond [his] control.'" *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up). Importantly, the movant must show "reasonable effort throughout the limitations period." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). "Petitioners bear the burden of proving that they qualify for equitable tolling." *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013). This burden cannot be satisfied with "mere conclusory allegations of diligence" but must instead offer "specific evidence." *Mayberry*, 904 F.3d at 531.

Given the record before the Court, Mr. Jones has not met his burden to show that he made a reasonable effort throughout the limitations period to pursue his rights and that some extraordinary circumstance stood in his way. "Courts have denied equitable tolling based on the COVID-19 pandemic and resulting limitations on law library access where the litigant fails to demonstrate how those limitations prevented him from timely filing his motion." *United States v. Yarber*, No. 2:17-CR-20007-SLD-EIL, 2024 WL 945290, at *3 (C.D. Ill. Mar. 5, 2024) (citing *United States v. Williams*, No. 21 C 4025 (No. 17 CR 446), 2022 WL 2208855, at *3 (N.D. Ill. June 21, 2022) (citing cases)). *See also Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021); *United States v. Henry*, No. 2:17-CR-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) ("The bottom line is that the COVID-19 pandemic does not automatically warrant equitable tolling

for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion."). While Mr. Jones contends that he did not have access to the law library to prepare his motion, he does not describe the timeline in which he did not have law library access and further, he does not provide any explanation of his efforts to prepare and file the petition before the deadline or during the seven months before he filed it. He therefore has not shown that he exercised reasonable diligence in attempting to file this motion and has not satisfied the first requirement of equitable tolling. His § 2255 motion is dismissed with prejudice on that basis. His circumstances, even if they existed exactly as he alleges, do not warrant the exceptional relief of equitable tolling, and thus a hearing is not required. *Ademiju*, 999 F.3d at 478; *Spiller v. United States*, 855 F.3d 751, 754 (7th Cir. 2017).

### IV.  Conclusion

For the reasons explained in this Order, Mr. Jones is not entitled to relief on his § 2255 motion because it is barred by the statute of limitations. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice.  Judgment consistent with this Order shall now issue and the Clerk shall **docket a copy of this Order in No. 1:19-cr-185-SEB-MG-1.**  The motion to vacate, dkt. [83], shall also be **terminated** in the underlying criminal action.

The motion for leave to supplement in this case, dkt. [26], is denied as unnecessary. His motion for equitable tolling, dkt. [28], is **denied** because he has not demonstrated his entitlement to equitable tolling.

### V.  Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*,

537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Jones has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also United States v. Henry*, No. 21-1285, 2021 WL 3669374 (3d. Cir. June 3, 2021) ("For substantially the reasons given by the District Court, jurists of reason would not find it debatable that appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 was untimely filed, and that equitable tolling was unwarranted.") (cleaned up). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/1/2024

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TYWUAN JONES
17022-028
THOMSON USP
USP Thomson
P.O. Box 1002
Thomson, IL 61285

Cindy Jane Cho
Indiana University
cjcho@iu.edu

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov